

**Your Missouri Courts** — Case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                         Logon

### 13SL-AC13686 - GLENN MOSS V ALLIANCEONE RECEIVABLES MANAGEMENT IN (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending        Display Options: All Entries

---

**05/29/2013**  **Hearing Scheduled**
Scheduled For: 06/26/2013; 9:00 AM ; JOSEPH SHOCKLEE DUEKER; St Louis County

**05/28/2013**  **Hearing Continued/Rescheduled**
Hearing Continued From: 06/05/2013; 9:00 AM Hearing

**05/09/2013**  **Summons Issued-Associate**
Document ID: 13-ADSM-12681, for ALLIANCEONE RECEIVABLES MANAGEMENT INC.
**Hearing Scheduled**
Associated Entries: 05/28/2013 - Hearing Continued/Rescheduled
Scheduled For: 06/05/2013; 9:00 AM ; JOSEPH SHOCKLEE DUEKER; St Louis County

**04/22/2013**  **Summ Req-Assc Pers Serv**
Request for Appointment of Special Process Server Filed.
**Judge Assigned**
DIV 43 W
**Confid Filing Info Sheet Filed**
**Pet Filed in Associate Ct**

---

Case.net Version 5.13.2.2        Return to Top of Page        Released 12/14/2012

https://www.courts.mo.gov/casenet/cases/searchDockets.do

**EXHIBIT A**
6/11/2013



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number: 13SL-AC13686 |
|---|---|
| Plaintiff/Petitioner:<br>GLENN MOSS | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES WINDSOR EASON<br>EASON & VOYTAS, LLC<br>ONE NORTH TAYLOR AVE.<br>ST. LOUIS, MO 63108<br>(314) 932-1066 |
| vs. | |
| Defendant/Respondent:<br>ALLIANCEONE RECEIVABLES MANAGEMENT INC | Date, Time and Location of Court Appearance:<br>05-JUN-2013, 09:00 AM<br>DIVISION 43W<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>AC Breach of Contract | |

(Date File Stamp)

### Associate Division Summons

The State of Missouri to: **ALLIANCEONE RECEIVABLES MANAGEMENT INC**
Alias:
120 SOUTH CENTRAL AVE
CT CORPORATION SYSTEM
CLAYTON, MO 63105

**COURT SEAL OF ST. LOUIS COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____5-6-13_____                           _____
        Date                                              Clerk

Further Information:   AMH

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ` _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other_____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                         _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)   Subscribed and sworn to before me on _____ (date).
         My commission expires: _____     _____
                                        Date                      Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM20 (ADSM) *For Court Use Only:* Document ID# 13-ADSM-12681         1 of 1                                    517.041 RSMo

IN THE CIRCUIT COURT
ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **GLENN MOSS** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| **ALLIANCEONE RECEIVABLES** ) | |
| **MANGEMENT, INC.** ) | |
| ) | Division |
| Defendant. ) | |
| ) | |
| Serve Defendant at: ) | |
| C T Corporation System ) | |
| 120 South Central Ave. ) | |
| Clayton, MO 63105 ) | |

## PETITION

COMES NOW, Plaintiff, Glenn Moss, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA") and for Defendant's violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

### JURISDICTION

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d).

3. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

4. Plaintiff never agreed to arbitrate any disputes with Defendant.

5. Defendant and Plaintiff's original creditor are independent contractors and Defendant has no ability to enforce any arbitration agreement that may exist between Plaintiff and her original creditor.

1

## PARTIES

6. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

7. Defendant is a foreign corporation with its principal place of business in Trevose, PA. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is "debt collectors" as defined by the FDCPA.

## FACTS

9. Defendant called Plaintiff at least ten times since April 1, 2013 attempting to collect an alleged consumer debt.

10. Plaintiff never provided permission or otherwise authorized Defendant to call his cellular phone.

11. Since April 2013, Plaintiff received several phone calls from an automatic telephone dialing system, as defined by 47 USC 227(a)(1), with various incoming phone numbers. Those phone calls were made to Plaintiff's cellular phone without Plaintiff's prior express consent.

12. Defendant is not allowed to harass Plaintiff in their collection attempts.

13. Defendant is not allowed to intimidate Plaintiff in their collection attempts.

14. Defendant is not allowed to violate the FDCPA in their collection attempts with the Plaintiff.

15. Defendant is not allowed to call Plaintiff on his cell phone without prior express consent.

2

16. Defendant is not allowed to violate the TCPA in their phone communications with the Plaintiff.

17. Defendant began collection activity with Plaintiff in April 2013. The collection activity consisted of numerous calls made to Plaintiff.

18. To the best of Plaintiff's knowledge, he has not received any written correspondence from Defendant.

19. On April 18, 2013, Plaintiff contacted Defendant to get more information regarding the phone calls received and to request those calls cease.

20. During the call, Defendant told Plaintiff his debt was approximately $3,000 from a credit card issued to Plaintiff.

21. Plaintiff asked Defendant to send him written correspondence regarding the debt and the amount owed.

22. Plaintiff also requested Defendant cease all phone communication.

23. During the call, Defendant's employee stated he was going to note Plaintiff's file as a refusal to pay because Plaintiff did not want to set up a payment plan at that time.

24. Plaintiff asked Defendant how they obtained his cell phone number.

25. Defendant stated he didn't know how Plaintiff's cell phone number was obtained and that was "A good question."

26. To the best of Plaintiff's knowledge, this call occurred within the statutory dispute / verification period as per 15 U.S.C. 1692g.

27. During the call, Plaintiff was constantly talked over and not listened to by the Defendant.

28. Defendant's overly aggressive tactics overshadowed Plaintiff's rights pursuant to §1692g.

29. Plaintiff felt intimidated by the Defendant's telephone conduct of April 18th.

3

30. Plaintiff felt harassed by the Defendant's constant phone calls.

31. Defendant's conduct demonstrated towards Plaintiff was done to collect a debt from Plaintiff by any means necessary.

32. Plaintiff has experienced, sleeplessness, mental anguish, embarrassment and worry as a result of Defendant's actions.

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

34. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a. Using unfair or unconscionable means to collect or attempt to collect the alleged debt. 15 USC 1692f.

b. Engaging in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. 15 USC § 1692d.

c. Overshadowing Plaintiff's dispute, validation, and verification rights. 15 USC § 1692g.

d. Refusing to honor Plaintiff's timely validation request. 15 USC § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

35. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

36. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

   a. By placing several non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff, causing Plaintiff to be charged for incoming calls. 47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   F. Declaratory judgment that Defendant's conduct violated the TCPA;

   G. Actual damages;

   H. Statutory damages pursuant to 47 USC (b)(3); and

   I. For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

*[signature]*

JAMES W. EASON, #57112
One North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax: (314) 667-3161
Email: james.w.eason@gmail.com